UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ISAAC E. ASH,

                                         Plaintiff,

                -v-

MAGLAN CAPITAL HOLDINGS LLC, MAGLAN
CAPITAL LP, MAGLAN DISTRESSED FUND LP, DAVID
D. TAWIL, SHLOMO AZARBAD, and JOSEPH J. SITT,

                                         Defendants.

19 Civ. 5650 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

      A bench trial in this case, conducted via remote video technology, is scheduled for the period April 20 to 23, 2021.  The Court's intention is shortly to issue an order, consistent with the attached order issued by Judge Furman in the recent case of *The State of New York Ex Rel. Vinod Khurana v. Spherion Corp*, No. 15 Civ. 6605 (JMF) (S.D.N.Y.), concretely addressing the means by which the trial will proceed.  The Court asks counsel, by Monday, March 1, 2021, to submit a joint letter, notifying the Court of the teleconferencing and videoconferences platforms that they propose to use for trial, and advising the Court of any modifications they believe warranted to the procedures set out in the attached order.

      SO ORDERED.

                                                        *Paul A. Engelmayer*
                                                        PAUL A. ENGELMAYER
                                                        United States District Judge

Dated: February 22, 2021
           New York, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE STATE OF NEW YORK EX REL. VINOD KHURANA and THE CITY OF NEW YORK EX REL. VINOD KHURANA,<br><br>  Plaintiffs,<br><br>v.<br><br>SPHERION CORP. (N/K/A SFN GROUP, INC.),<br><br>  Defendant. | Case No. 15-CV-6605 (JMF) |

**AMENDED ORDER ESTABLISHING REMOTE BENCH TRIAL PROCEDURES FOR THE TRIAL OF COUNTS III AND IV**

Counts III and IV in this action are scheduled for a bench trial to begin on November 4, 2020. *See* ECF No. 237. Pursuant to Rule 43(a) of the Federal Rules of Civil Procedure and the Standing Orders in this District concerning the current COVID-19 pandemic, the pandemic provides good cause in compelling circumstances to allow this Trial to be conducted remotely (from locations other than the courtroom) through the use of telephonic and videoconferencing solutions. Accordingly, pursuant to this Court's June 29, 2020 Order, ECF No. 194, and after due deliberation, this Court adopts the following Trial procedures as appropriate safeguards for the Trial.

IT IS HEREBY ORDERED THAT:

1. **Prior Orders and Individual Practices**. This Order shall supplement and not supersede the Court's (a) prior Orders setting trial-related procedures and deadlines, (b) Individual Rules and Practices, and (c) Emergency Individual Rules and Practices, all of which remain in effect unless expressly stated herein to the contrary.

2.      **Telephonic and Videoconferencing Solutions**. The Trial shall take place using both telephonic and videoconferencing solutions as set forth herein. This case will be tried to the Court without a jury and entirely by remote means utilizing the TRIALanywhere Zoom platform ("Zoom"), which will be hosted by independent third-party vendor Trialgraphix. The public will be able to observe the trial via an audio-only dial-in number that will be provided on the docket. The Court shall provide the Zoom link to the persons whom the parties identified as Zoom participants according to paragraph 3 below. All counsel and witnesses to participate via Zoom shall participate in appropriate pre-Trial testing of Zoom as may be directed by the Court. During the course of the trial, witnesses appearing via Zoom shall use the Zoom link provided by the Court only at the time they are testifying.

3.      **Prior Notice of Intent to Zoom**. The parties shall provide the Court with a list of the names of all attorneys and witnesses who will attend the Trial via Zoom by no later than five (5) business days before the pre-Trial testing referenced in Paragraph 2. For witnesses, the party offering the witness shall be responsible for ensuring that the witness is given the appropriate Zoom link.

4.      **Exhibits Not Included in the Exhibit List**. Any exhibit or demonstrative that the (i) parties intend to use at Trial for any purpose other than solely for impeachment and that (ii) was not included in the parties' exhibit list submitted with the Pre-Trial Order must be submitted via email by the offering party to the Court (at Furman_NYSDChambers@nysd.uscourts.gov) and the other parties in .pdf format no later than (ii) four (4) business days before the Trial. The Court reserves judgment on whether any such exhibit may be used at trial.

5. **Use of Exhibits at Trial: Hardcopies**. Each party shall send the exhibits that it intends to use as part of its direct examination of each adverse witness, or for cross-examination of each witness, in the following manner. The Court will be provided via email, *ex parte*, a folder containing electronic copies of the exhibits and bearing the witness's name at least three (3) days before the witness is called to testify. Opposing counsel will be sent two sealed binders containing identical, hardcopy sets of the exhibits (the "witness binders") three (3) days before the witness is called to testify. At the same time, three (3) days before the witness is called to testify, Opposing Counsel shall also be sent a third, identical sealed witness binder, which they will then be responsible for delivering to their respective witness. In the interest of privacy, it is mutually agreed that Counsel for the party that introduced or intends to introduce that witness's direct examination is responsible for delivering the sealed binder directly to that witness, such that neither party will be sharing their respective witnesses' personal information or addresses. Neither the witnesses nor Opposing Counsel shall unseal the witness binders and review the exhibits prior to the Court instructing them to do so at the start of the witness's examination. In the event that counsel wishes to use an exhibit during his or her examination that has not been previously provided pursuant to the instructions set forth in this paragraph, counsel shall notify the Court and opposing party as soon as practicable, and the matter shall be addressed in conference on the morning of the day that the witness is to be called to testify.

6. **Use of Exhibits at Trial: Electronic Copies**. Notwithstanding Paragraph 5 above, if providing a witness with a hardcopy binder of exhibits prior to trial would be impracticable – for example, if the witnesses is residing outside of the United States – a party may instead provide that witness and opposing counsel with a password protected, electronic file of exhibits via email. A party's distribution of such electronic file shall follow the same

schedule set forth in paragraph 5. Immediately prior to the commencement of the witness's examination, the examining party will provide opposing counsel and the witness with the password to access the exhibits.

7. **Exhibits Solely for Impeachment**. Because cross-examination is fluid and its contours cannot always be predicted, this Order is not intended to preclude a party from using an exhibit for cross-examination purposes that was not provided pursuant to the instructions set forth in paragraph 5 or 6 if that exhibit becomes relevant due to the testimony elicited during the witness's direct testimony (if the witness did not submit a declaration) or during the course of cross-examination. Such exhibits will be first emailed to the Court and opposing counsel immediately prior to being shown to the witness. Once approved by the Court, the exhibit may then be published to the witness electronically.

8. **Substantive Exhibits and Declarations in Lieu of Direct Testimony**. The parties shall email and mail the Declaration that they submit in lieu of direct testimony to the respective affiant, as well as any substantive exhibits cited in the Declaration, such that they are delivered to the witnesses at least three (3) business days before the first day of trial.

9. **Witness Testimony**. Rule 43(a) of the Federal Rules of Civil Procedure provides that for "good cause in compelling circumstances," a witness may be permitted to testify by contemporaneous transmission from a location other than the courtroom. Having found that good cause in compelling circumstances exist here due to the COVID-19 pandemic, any witness called to testify at the Trial shall testify by contemporaneous transmission from a location other than the Courtroom. All witnesses shall be sworn in over Zoom, and their testimony will have the same effect and bind themselves in the same manner as if they were sworn in by the Court deputy in person in open court at the courthouse. The party that submitted an affidavit/

declaration for, or served a subpoena to testify at trial on, a witness shall be responsible for ensuring that the witness (a) has received the Zoom link from the Court; and (b) has been registered with Zoom. No person may be present in the room where the witness testifies during that witness's testimony except for that witness's counsel (if any), who may only interpose lawful objections to questions posed by an examining attorney and may not confer with the witness during the examination of that witness. No person may be in communication with any witness during the witness's examination except for the Court and the examining attorneys. No documents may be in the room where the witness testifies during the witness's examination except for the witness's affidavit in lieu of direct testimony and all exhibits that all parties submitted to the Court. The testifying witness and the party that submitted the witness's declaration (if any) shall be responsible for ensuring that the witness has a stable audio and video connection throughout the witness's examinations. Upon the third occurrence of a loss of audio and/or video during the same witness's examination, the Court will consider adjourning the witness's examination until the Court is assured that the witness's audio and video will function properly. In the event that there is an error or malfunction with remote technology, the Court may order that the testimony proceed by dial-in using a telephone number provided by the Court. Upon the conclusion of his or her testimony, the witness shall disconnect from the link.

10. **Post-Trial Submissions**. Paragraph 3 of this Court's June 12, 2020 Order, ECF No. 192, which advises the parties that "there may be no opportunity for post-trial submissions," does not apply to the Court's award of reasonable fees and costs if a verdict is rendered in Plaintiff's favor. That determination will be made following post-trial submissions and a post-trial hearing if deemed necessary in the Court's discretion.

11. **Courtroom Formalities**. Although being conducted by use of telephonic and videoconferencing solutions, the Trial constitutes a court proceeding, and any recording other than the official court version is prohibited. No party may record images or sounds from any location. The formalities of a courtroom must be observed. When called to testify, a witness must situate himself or herself in such a manner as to be able to view the video screen and be seen by the Court.

12. **Potential Change in Circumstances.** This Order shall be subject to a material change in circumstances that might arise, particularly with respect to the COVID-19 pandemic.

SO ORDERED.

Dated: October 29, 2020
      New York, New York

                                                   JESSE M. FURMAN
                                              United States District Judge